STEAMBOAT GALENA, Plaintiff in Error,

*vs.*

ALVIN E. BEALS, Defendant in Error.

ERROR TO PIERCE CIRCUIT COURT.

In order to give the court jurisdiction under the "boat and vessel act," it is necessary to aver in the complaint, that the boat or vessel is used in navigating the waters of this state.

An averment that the boat or vessel is "a steamboat navigating the Mississippi River," is not sufficient to give the court jurisdiction.

The complaint founded on contract must set out a contract made by the master, owner, agent or consignee. A contract alleged to have been entered into by the clerk of the boat is not sufficient, without an averment that such clerk was the agent of the boat.

When the complaint is founded on a breach of contract for the transportation of goods, it should be averred and proved that the goods were delivered to the officers of the boat, and that they failed or neglected to leave them at the place to which they were consigned.

In proceedings under the "boat and vessel act," a defect in the complaint, which goes to the jurisdiction of the court, is not aided by the plea of the general issue.

THIS was an action commenced under the statute providing for the collection of demands against boats and vesssels navigating the waters of this state, as provided by chapter 116 of the Revised Statutes.

The action was commenced by warrant, under the provisions of the statute before referred to, and the complaint was in the following form:

" *State of Wisconsin, County of Pierce* : Alvin E. Beals, being duly sworn before me, the undersigned, clerk of the District Court, complains of the steamboat Galena, a steamboat navigating the Mississippi River, that on or about the 15th day of September, A. D. one thousand eight hundred and fifty-four, he, deponent, contracted with the said boat for the transportation from Galena, Illinois, to Prescott, Wisconsin, of the following

bill of freight, to wit: one bellows, two drills, and also one box, containing implements to the value of one hundred and fourteen dollars, on which said deponent paid freight to the amount of *thee* dollars, for which he holds a receipt; and said deponent further says, that the said boat failed to deliver at Prescott the said box and contents, or to pay the value thereof, though requested so to do, to the damage of the said defendant to the amount of one hundred and fourteen dollars; wherefore he prays that a warrant may be issued, and that the said steamboat be seized and dealt with according to law.

    " Sworn                      A. E. BEALS."

To this complaint the defendant appeared and pleaded: 1. General issue : 2. The non-receipt of the goods. The cause was tried by a jury, and to maintain the issue on his part, the plaintiff offered in evidence the following receipt:

    " *Galena and Minnesota Packet, D. B. Morehouse, Master.*
               Mr. A. Beals to Steamboat Galena, Dr.
    To freight on one bellows, two drills and one box from
Galena, Illinois, to Prescott,                  $3.00
    Received payment, 15 September, 1854,
                 JOHN COCHRANE, *Clerk.*"

To the introduction of which in evidence, the counsel for the defendant objected : 1. Because it did not appear that the box was marked to the direction of any person: 2. Because the complaint alleged the receipt to be for " *thee*" dollars, and the receipt offered was for three dollars. The objections were overruled, and the evidence admitted. The plaintiff then offered himself as a witness to prove the contents of the box; which offer was objected to by the counsel for defendant, but the objection was overruled, and exception taken; and the witness was permitted to testify to the contents of the box, consisting of mechanic's tools, and also to their value. The jury found a verdict for the plaintiff for $114, upon which judgment was rendered by the court.

*Knapp & Frink*, for the plaintiff in error.

*By the Court*, COLE, J.   In instituting a suit under chap. 116 R. S., for the non-performance of a contract touching the transportation of property, it is absolutely essential that the complaint allege that the contract was entered into by the master, owner, agent or consignee of a boat or vessel, navigating, or used in navigating *the waters of this state*.   This is a proceeding authorized and regulated by statute, and a party seeking to avail himself of it must bring his case fully within its provisions.   In the present case the complaint states that the boat was one navigating the Mississippi River, which may be strictly true, and yet the boat not be used in navigating the Mississippi within this state.   But a small number of the boats navigating that river, ever come within the boundaries of this state.   And as this is a defect in the complaint going to the jurisdiction of the court, it was not aided by the plea of the general issue.

Again ; the statute gives this remedy for all demands or damages accruing from the non-performance or mal-performance of any contract of affreightment, or any contract touching the transportation of persons or property entered into by the master, owner, agent or consignee of the boat or vessel, on which such contract is to be performed. *Sec.* 1, *subd.* 3.   It appears that the freight in the present case was paid to the clerk of the boat, and if the contract in reference to the transportation, was made with him, and we presume it was, it should have thus been alleged, and that the clerk was an agent of the boat : not that the contract was made with the boat.   This latter objection may seem rather technical, but as already observed, this proceeding is one given by the statute, and these facts required by the statute, should appear in the complaint.   The complaint, therefore, which is the foundation of the suit, being fatally defective, the proceedings must all be reversed and set aside.

It is impossible to determine from the bill of exceptions, whether there was, upon this trial, any proof of a demand of

the property of the officers of the boat—before the commencement of the suit, or whether the boat had passed up and down the river without delivering it. There should have been we think, proof of the delivery of the goods to the officers of the boat, and that they failed or neglected to leave them at the place to which they were consigned. If the receipt read in evidence should be considered sufficient proof of the delivery of the goods to the officers of the boat, it did not show that the goods were not delivered at the port. of destination when demand was made for them.

Judgment of the Circuit Court must be reversed, with costs.